UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
FAIRFIELD SENTRY LIMITED,

         Plaintiff,

-v-                                          10-CV-6769 (UA)

AL NAHYAN MANSOUR B. ZAYED and
BENEFICIAL OWNERS OF THE ACCOUNTS HELD
IN THE NAME OF AL NAHYAN MANSOUR B.
ZAYED 1-1000,

         Defendants
------------------------------------X

### ANSWER OF AL NAHYAN MANSOUR B. ZAYED AND BENEFICIAL OWNERS OF THE ACCOUNTS HELD IN THE NAME OF AL NAYAN MANSOUR B. ZAYED 1-1000 TO VERIFIED COMPLAINT OF FAIRFIELD SENTRY LIMITED

**COME NOW**, defendants, AL NAHYAN MANSOUR B. ZAYED (hereinafter "ZAYED") AND BENEFICIAL OWNERS OF THE ACCOUNTS HELD IN THE NAME OF AL NAHYAN MANSOUR B. ZAYED 1-1000 (hereinafter referred to collectively as "defendants"), by and through their attorneys, CHALOS & CO, P.C., answering the Complaint Plaintiff FAIRFIELD SENTRY LIMITED (hereinafter "Plaintiff"), and respectfully state as follows:

    1.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of Plaintiff's Complaint.

    2.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of Plaintiff's Complaint.

    3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of Plaintiff's Complaint.

4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of Plaintiff's Complaint.

5.     Admit that on June 22, 2004, Defendant ZAYED received a Redemption Payment from Plaintiff in the amount of USD $3,500,000.00.  Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "5" of Plaintiff's Complaint.

6.     Admit that shares were purchased in the name of Defendant ZAYED and that the Redemption Payment made to him by Plaintiff was for his own account and benefit.  Deny the remainder of the allegations set forth in paragraph "6" of Plaintiff's Complaint.

7.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of Plaintiff's Complaint.

8.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of Plaintiff's Complaint, except respectfully refers the Court to the Complaint referenced therein for a complete and accurate statement of its contents.

9.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "9" of Plaintiff's Complaint, and deny the remaining allegations set forth in paragraph "9" of Plaintiff's Complaint.

10.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of Plaintiff's Complaint.

11.    Admit the allegations set forth in paragraph "11" of the Plaintiff's Complaint.

12.    Admit that Plaintiff defines the term "Beneficial Owners of the Accounts Held in the Name of Al Nahyan Mansour B. Zayed 1-1000" in the manner set forth in paragraph "12".

13.    Deny the allegations set forth in paragraph "13" of Plaintiff's Complaint.

14. Deny the allegations set forth in paragraph "14" of Plaintiff's Complaint.

15. Admit that on June 21, 2010, Plaintiff filed a Summons with Notice in the Supreme Court of the State of New York – County of New York. Deny the remaining allegations set forth in paragraph "15" of Plaintiff's Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of Plaintiff's Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of Plaintiff's Complaint, except admit on information and belief that from time to time, Plaintiff paid to shareholders an amount that was based on its Net Asset Value, as it was then calculated by Plaintiff.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of Plaintiff's Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of Plaintiff's Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of Plaintiff's Complaint.

21. Admits that on June 22, 2004, Defendant ZAYED received a Redemption Payment from Plaintiff in the amount of USD $3,500,000.00.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of Plaintiff's Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of Plaintiff's Complaint, except admit on information and belief that the United States Securities and Exchange Commission ("SEC") filed a complaint

against Madoff and BLMIS on December 11, 2008 in the Southern District of New York and submitted a proposed partial judgment on February 9, 2009. Defendants respectfully refer the Court to the SEC's complaint and proposed partial judgment referenced therein for a complete and accurate statement of their contents.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of Plaintiff's Complaint.

25. Admit, upon information and belief, the allegations set forth in paragraph "25" of Plaintiff's Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of Plaintiff's Complaint, except respectfully refer the Court to the complaint referenced therein for a complete and accurate statement of its contents.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of Plaintiff's Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of Plaintiff's Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of Plaintiff's Complaint.

30. Defendants repeat their responses to the allegations contained in paragraphs "1" through "29" above as if set forth herein.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of Plaintiff's Complaint.

32. Deny the allegations set forth in paragraph "32" of Plaintiff's Complaint.

33. Deny the allegations set forth in paragraph "33" of Plaintiff's Complaint.

34. Deny the allegations set forth in paragraph "34" of Plaintiff's Complaint.

35. Defendants repeat their responses to the allegations contained in paragraphs "1" through "34" above as if set forth herein.

36. Deny the allegations set forth in paragraph "36" of Plaintiff's Complaint.

37. Deny the allegations set forth in the first sentence of paragraph "37" of Plaintiff's Complaint. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "37" of Plaintiff's Complaint.

38. Deny the allegations set forth in paragraph "38" of Plaintiff's Complaint.

39. Deny the allegations set forth in paragraph "39" of Plaintiff's Complaint.

40. Deny the allegations set forth in paragraph "40" of Plaintiff's Complaint.

41. Defendants repeat their responses to the allegations contained in paragraphs "1" through "40" above as if set forth herein.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of Plaintiff's Complaint.

43. Deny the allegations set forth in paragraph "43" of Plaintiff's Complaint.

44. Deny the allegations set forth in paragraph "44" of Plaintiff's Complaint.

45. Deny the allegations set forth in paragraph "45" of Plaintiff's Complaint.

46. Deny the allegations set forth in paragraph "46" of Plaintiff's Complaint.

47. Deny the allegations set forth in paragraph "47" of Plaintiff's Complaint.

48. Defendants repeat their responses to the allegations contained in paragraphs "1" through "47" above as if set forth herein.

49. Deny the allegations set forth in paragraph "49" of Plaintiff's Complaint.

50.     Deny the allegations set forth in the first sentence of paragraph "50" of Plaintiff's Complaint. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "50" of Plaintiff's Complaint.

51.     Deny the allegations set forth in paragraph "51" of Plaintiff's Complaint.

52.     Deny the allegations set forth in paragraph "52" of Plaintiff's Complaint.

53.     Deny the allegations set forth in paragraph "53" of Plaintiff's Complaint.

54.     Deny the allegations set forth in paragraph "54" of Plaintiff's Complaint.

55.     Deny the allegations set forth in paragraph "55" of Plaintiff's Complaint.

56.     Defendants repeat their responses to the allegations contained in paragraphs "1" through "55" above as if set forth herein.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of Plaintiff's Complaint.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of Plaintiff's Complaint.

59.     Deny the allegations set forth in paragraph "59" of Plaintiff's Complaint.

60.     Deny the allegations set forth in paragraph "60" of Plaintiff's Complaint.

61.     Deny the allegations set forth in paragraph "61" of Plaintiff's Complaint.

62.     Deny the allegations set forth in paragraph "62" of Plaintiff's Complaint.

63.     Deny the allegations set forth in paragraph "63" of Plaintiff's Complaint.

64.     Defendants repeat their responses to the allegations contained in paragraphs "1" through "63" above as if set forth herein.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of Plaintiff's Complaint.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of Plaintiff's Complaint.

67. Deny the allegations set forth in the first sentence of paragraph "67" of Plaintiff's Complaint. Deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph "67".

68. Deny the allegations set forth in paragraph "68" of Plaintiff's Complaint.

69. Deny the allegations set forth in paragraph "69" of Plaintiff's Complaint.

70. Deny the allegations set forth in paragraph "70" of Plaintiff's Complaint.

71. Deny the allegations set forth in paragraph "71" of Plaintiff's Complaint.

72. Defendants repeat their responses to the allegations contained in paragraphs "1" through "71" above as if set forth herein.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of Plaintiff's Complaint.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of Plaintiff's Complaint.

75. Deny the allegations set forth in paragraph "75" of Plaintiff's Complaint.

76. Deny the allegations set forth in paragraph "76" of Plaintiff's Complaint.

77. Deny the allegations set forth in paragraph "77" of Plaintiff's Complaint.

78. Deny the allegations set forth in paragraph "78" of Plaintiff's Complaint.

79. Deny the allegations set forth in paragraph "79" of Plaintiff's Complaint.

80. Paragraphs "80," "81," "82," "83," and "84" are prayers for relief, which do not require a response by the Defendants.

## AS AND FOR A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

81. Plaintiff's complaint fails to set forth a cause of action upon which relief can be granted against the Defendants.

## AS AND FOR A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

82. This Court lacks *in personum* jurisdiction over the Defendants.

## AS AND FOR A THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

83. Plaintiff has improperly and/or insufficiently served process on Defendants.

## AS AND FOR A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

84. This Court lacks subject matter jurisdiction over the Plaintiff's claims set forth in the complaint.

## AS AND FOR A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

85. Plaintiff's damages were caused in whole or in part by the Plaintiff's own culpable conduct.

86. As a result thereof, Plaintiff's recovery must be reduced by such proportion that Plaintiff's culpable conduct bears to the total damages incurred.

## AS AND FOR A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

87. The damages incurred by the plaintiff were capable of being mitigated by the Plaintiff.

88. Plaintiff failed to take such reasonable and necessary steps to mitigate its damages.

### AS AND FOR A SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

89. Whatever injuries or damages, if any, were sustained by the Plaintiff, they were caused in whole or in part by conditions or circumstances beyond the control of the Defendants.

### AS AND FOR A EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

90. This action was commenced eighteen (18) months after Plaintiff allegedly learned of the mistakes on which its claims are based.

91. Plaintiff's claims are barred on the basis of the doctrine of *laches*.

### AS AND FOR A NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

92. Defendant ZAYED had no knowledge concerning the mistakes alleged in the Complaint when he received the Redemption Payment.

93. Defendant ZAYED received the Redemption Payment referred to in the Complaint in return for Shares that were tendered to and accepted by Plaintiff for redemption.

94. Defendant ZAYED is a good faith transferee for value of the Redemption Payment.

WHEREFORE, Defendants, AL NAHYAN MANSOUR B. ZAYED and BENEFICIAL OWNERS OF THE ACCOUNTS HELD IN THE NAME OF NAHYAN MANSOUR B. ZAYED 1-1000 pray judgment be granted against Plaintiff including the costs, disbursements and reasonable attorneys fees of this action and such other further and different relief as to this Court may deem just and proper.

Dated: Oyster Bay, New York
       September 20, 2010

                              CHALOS & CO, P.C.
                              Attorneys for Defendants
                              AL NAHYAN MANSOUR B. ZAYED and
                              BENEFICIAL OWNERS OF THE ACCOUNTS
                              HELD IN THE NAME OF NAHYAN MANSOUR
                              B. ZAYED 1-1000

                    By:     */s/ Kerri M. D'Ambrosio*
                              George M. Chalos, Esq. (GC-8693)
                              Kerri M. D'Ambrosio, Esq. (KD-0249)
                              123 South Street
                              Oyster Bay, New York 11771
                              Tel: (516) 714-4300
                              Fax: (516) 750-9051
                              Email: gmc@chaloslaw.com
                                            kdambrosio@chaloslaw.com

To:

BROWN RUDNICK LLP
Attorneys for Plaintiff
FAIRFIELD SENTRY LIMITED
Seven Times Square
New York, New York 10036
Attn:   Daniel Joseph Saval, Esq.
        David J. Molton, Esq.
        May Orenstein, Esq.
        Kerry L. Quinn, Esq.

## CERTIFICATE OF SERVICE

       I hereby certify that on September 20, 2010, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of New York via the CM/ECF system, which will send an electronic notice of filing to each of the following:

BROWN RUDNICK LLP  
Attorneys for Plaintiff  
FAIRFIELD SENTRY LIMITED  
Seven Times Square  
New York, New York 10036  
Tel:   212-209-4800  
Fax:  212-209-4801  
Attn:  Daniel Joseph Saval, Esq.  
       David J. Molton, Esq.  
       May Orenstein, Esq.  
       Kerry L. Quinn, Esq.

                                            /s/_____  
                                            Kerri M. D'Ambrosio